```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------
CARL EVANS, individually and on              VERIFIED
behalf of others similarly situated,         COMPLAINT
                    Plaintiffs,              CV- 15  3942
          -v-

THE PORT AUTHORITY OF NEW YORK & NEW
JERSEY; PATRICK J. FOYE, Executive
Director of the PORT AUTHORITY OF NEW
YORK & NEW JERSEY,
                    Defendants.
-------------------------------------
```

The Plaintiffs, by their attorneys, Kernan Professional Group, LLP, James M Kernan, P.E., Esq., of counsel, complain of the Defendants as follows:

**The Plaintiff Class and the Class Representatives**

1. This action is brought as a Class action against Defendants on behalf of disadvantaged business enterprises, including certified and those qualified to become certified as minority and women owned business enterprises, the members of the "Class" or "MBE", whose circumstances hereafter described placed their lives in or at the poverty, disenfranchised level causing them to suffer permanent and irreparable economic and social injury and damage as a result of the Defendants' breach of contract in which the Defendants were contractually obligated to provide paid "on-the-job" training programs leading to real jobs and careers so that the Class and its posterity could have an adequate income to elevate the quality of their lives and enjoy the many benefits of living in America that other American citizens enjoy. The Defendant NYNJ Port Authority has acted

1

intentionally to obfuscate, shirk and simply delegate the responsibility for the enforcement of equal employment opportunity requirements by passing off its obligations to others such as project managers, who in reality fail to provide paid on-the-job training coupled with related classroom instruction. Billions of dollars have been given to the Defendant NYNJ Port Authority to act as a steward not only to accomplish its projects, but to prepare and develop the next generation of skilled tradespersons by drawing from the ranks of the chronically unemployed within disenfranchised communities. This effort should have led to jobs and careers to the members of the Class. The misuse of federal funding is causing a disparate impact on the affected Class and forcing them into chronic poverty, reliance on government welfare and unemployment.

2. Class Representative Carl Evans is an African-American member of the Class and a proper representative of the Class since his personal and business interests and the claims set forth herein are fully aligned with those of the Class. Evans has been part of, worked for, and project managed certified MBEs, as well as has worked in the skilled construction trades. Evans has also obtained formal college education and other advanced learning. Evans holds a federal GSA construction contractor's badge and maintains leadership affiliations with minority trade associations in New York, New Jersey and throughout this region. Evans is employed by Economic Cornerstone, Inc. working from its offices at Astoria Queens,

New York. Economic Cornerstone, is a watch-dog organization ensuring affirmative action programs deliver on their promise, a not-for-profit corporation, which seeks to develop programs aimed at building economic foundations, jobs, and pathways to prosperity for those from disadvantaged communities and to monitor the very type of conduct engaged in by the Defendants here. Economic Cornerstone is working with Able Body of Believers Alliance ("ABBA"), a not-for-profit faith-based organization run by Reverend Reginald Benjamin providing group support to help the Plaintiff Class, reuniting families of persons released from jail combating the negative influence of poverty, reaching men and women entangled in the criminal justice system, to reduce the high rate of recidivism.

3. Class Representative Duane Hodges is an African-American member of the Class and a proper representative of the Class since his enterprise, Home Run Contracting located in Brooklyn, New York, is a certified MBE. Home Run Contracting has been a certified MBE for over 13 years but has been unable to successfully receive award of work because of prequalification requirements which block him.

4. Evans, Hodges and Benjamin`, on behalf of themselves and with other workers and business owners in the Class, have experienced and continue to experience many unsuccessful efforts to secure work and contracts with NYNJ Port Authority despite being skilled, and the enterprises with which they are associated certified as MBEs that are ready, willing and able to perform such work. The Class has been and continues to be

3

adversely affected by lack of opportunity and failure of Defendants' to adhere to its agreements, covenants and conditions regarding employment goals. Moreover, the enforcement of these affirmative action equal employment requirements has been neglected by the federal authorities.

**The Defendants**

5. Defendant, The NYNJ Port Authority, guided by Defendant Foye as its executive director, is a political authority of the States of New York and New Jersey.

**Facts upon which the Causes of Action are based**

6. Defendant NYNJ Port Authority, as the sponsor and grant recipient under master agreements and grant agreements (hereinafter "Grants") with the United States of America, has accepted federal funding. Pursuant to the terms and conditions of accepting such federal funding the NYNJ Port Authority must certify that it will legally, financially, and otherwise be able to assume and carry out the certifications, representations, warranties, assurances, covenants and other obligations required by the Grants which require the Defendants to employ these funds to accomplish affirmative action for the economic benefit of the Class.

7. As a result of the Defendants failure to comply with the terms of the Grant, the employment rate of black men is still significantly lower than that of other demographic groups, although this wasn't always the case. In 1969, the employment

4

rates for men between the ages of 20 and 24 were about 77 percent for blacks and 79 percent for whites. By 2012, the employment rate for young black men dropped to less than 50 percent, while young white men were about 18 percentage points higher at almost 68 percent.

8. Despite federal funding poured into NYNJ Port Authority for decades, large clusters of the members of the Class of unemployed, unskilled, poor and disenfranchised communities surround the very public works projects for whom the federal funding was intended to assist. The impact of this disparate treatment in these disenfranchised communities resulting from the failure of the NYNJ Port Authority to fulfill the obligations of its agreements, covenants, and conditions upon which federal funding was granted, is documented with the following:

Exhibit "1" displays New York City census tracts in which the minority population is greater than 50 percent of the general population and this population's proximity to three major PANYNJ sites.

Exhibit "2" displays New York City census tracts in which more than 50 percent of the population is considered low or moderate income according to the Department of Housing and Urban Development. The map also shows the proximity of the low or moderate income areas to three major PANYNJ sites.

Exhibit "3" displays (in black) New York City census tracts in which 50 to 100 percent of the general population is defined

5

by HUD as Low-Moderate income and this population's proximity to three major PANYNJ sites. The census tracts in which black and Hispanic families with income less than $40,000 are represented by the hatch areas.

Exhibit "4" displays New York City census tracts in which the unemployment rate is greater than the city average and their proximity to three major PANYNJ sites.

Exhibit "5" displays New York City census tracts in which the population with no college education is above average as well as the density of the population age 25 and older that has no college education.

Exhibit "6" displays New York City census tracts in which an above average number of people live below the poverty level and their proximity to three major PANYNJ sites.

Exhibit "7" displays New York City census tracts in which a greater than average number of households are on public assistance and these households' proximity to three major PANYNJ sites.

Exhibit "8" displays New York City census tracts in which more than 28 percent of Black Families earn less than $40,000 and this population's proximity to three major PANYNJ sites.

Exhibit "9" displays New York City census tracts in which an above average percentage of Hispanic families are earning less than $40,000 and their proximity to three major PANYNJ sites.

9. These Grants, for the benefit of the Class, require Defendant NYNJ Port Authority to comply with all federal laws,

regulations, executive orders, policies, guidelines, and requirements applicable to the acceptance and use of federal funding including but not limited to: the Civil Rights Act of 1964, Executive Order 11246, 49 CFR Part 21-Discrimination in Federally-assisted Programs and Effectuation of Title VI of the Civil Rights Act of 1964, 49 CFR Part 21, 49 CFR 23, and 49 CFR 18.36(e), and 49 CFR Part 26 - Participation by Disadvantage Business Enterprises.

10. Defendant NYNJ Port Authority as sponsor and Grant recipient was required to provide specific assurances which were included in the Grant agreements for the myriad NYNJ Port Authority transportation facilities, including but not limited to facilities identified as: 1) The LaGuardia Airport site, the 2) John F Kennedy Airport site, 3) the World Trade Center site and 4) Newark-Liberty Airport site.

11. Specifically, however the Defendants have failed to comply with the direct terms of Executive Order 11246, 49 CFR 21, 49 CFR 23, 49 CFR 18.36(e)/2 CFR Section 200.321, and 49 CFR Part 26. while 49 CFR 18.36(e)/2 CFR Section 200.321 which also provides that Defendants will take all necessary affirmative steps to assure that minority firms, women's business enterprises, and labor surplus area firms are used when possible. 49 CFR Part 26, states that authorized federal funds are to be expended with disadvantaged business enterprises.

7

12. The Grants call out Executive Order 11246 for the benefit of the Class to prohibit discrimination on the basis of race, color, religion, sex, sexual orientation, gender identity, or national origin, and require government contractors to take affirmative action to ensure that equal opportunity is provided in all aspects of employment.

13. These mandatory affirmative action requirements passed on to its contractor by the NYNJ Port Authority has not and does not result in adequate participation of the Plaintiff Class as required by the Grants. Defendant NYNJ Port Authority in accepting and spending federal funds, has failed to provide a mechanism which enables disenfranchised persons to gain experience on-the-job and join the gainfully employed workforce. Passing off these requirements is an illegal attempt to circumvent the requirements of the law and the Grants.

14. The Defendants have obfuscated, shirked and simply delegated the responsibility for the enforcement of these regulations, which protect the Plaintiffs and the intended beneficiary Class, by refusing to enforce and monitor requirements which require that a portion of public funding be utilized directly for the benefit of the Class and towards the furtherance of affirmative action.

15. The Plaintiff Class has consistently been deprived of the opportunity to obtain employment and be awarded contracts

8

under the projects which receive federal funding. Systematic racial discrimination exists in the surety bonding of business enterprises of the Class who are qualified to perform public works projects and encounter this disparate impact due to pervasive and persistent institutional discrimination placing the Class at a disadvantage in financing procurement, capital acquisition, obtaining experience and competency to safely perform work, all of which are programs intended to be aided by the federal funding.

16. Minority and lower socioeconomic communities face disproportionate exposure. Disproportionate number of blacks among the disenfranchised remains a huge racial justice problem Plaintiffs from Disadvantaged Communities have been continually kept out of the major trades, which is not just a relic of past discriminatory practices, but the continuation of present-day discrimination.

17. The Defendants' negligent, capricious, and prejudicial actions in depriving the Plaintiff Class the equal opportunity has been covered up by acquiescing, sanctioning and inducing the use of some minority contractors only as fronts in order to appear to satisfy the legal requirements of hiring the minority and disadvantaged and thus fails to place the Plaintiff Class on a level playing field and deprives Plaintiff Class of vast numbers of real employment and business opportunities. Even when large majority-owned firms are prosecuted for establishing

fronts, they are continually rehired by the Defendant, further entrenching discriminatory behavior.

**Jurisdiction**

18. In accepting and utilizing federal funding grants, the NYNJ Port Authority has failed to comply with United States Executive Order 11246, the Civil Rights Act of 1964, as well as several other federal regulations specifically identified in the grants of federal funding, causing and continuing to cause disparate impact discrimination that these statutes, orders, and regulations were designed to remedy.

19. The jurisdiction of this Court is based on violation of these federal agreements and covenants which establish conditions for the federal funding to the NYNJ Port Authority, and which constitutes a dispute within the jurisdiction of this Court pursuant to 28 U.S.C. §§1331, 1337, 1343, and 1361 and 5 U.S.C. §§702 and 706, 28 U.S.C. §§2201, 28 U.S.C. §1331 and its general jurisdiction under Article III of the United States Constitution.

**Venue**

20. The Class Representatives are employed and work from offices located in Brooklyn and Queens, New York, as do members of the Class reside and work within the Eastern District of New York Federal Court.

21. Venue in this District is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims made herein occurred in and about the Eastern District of

10

New York. The NYNJ Port Authority received and continues to receive federal funding on many project sites.

**The Class Action**

22. Pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, this action satisfies the requirements to proceed as a Class action, as follows:

(a) The Class numbers in the thousands, and is therefore so numerous that joinder of all members is impracticable.

(b) The claims of the Class Representatives are typical of the claims of the members of the class, in that each individual is either an owner of an MBE or an MBE itself that has been unfairly and historically discriminated against and denied employment and participation in NYNJ Port Authority projects based upon the Defendants' actions as described herein. The questions of law and fact common to the Class are whether the requirements of the Grants regarding the United States Constitution, United States Executive Order 11246, 49 CFR 18.36/2 CFR 200.321, and 49 CFR 21, 23, and 26 and the several federal regulations discussed herein are being violated against the Class as intended beneficiaries of the Grants with NYNJ Port Authority contracts. The Defendants have acted and refused to act on grounds generally applicable to the intended Class, thereby making injunctive and declaratory relief appropriate with respect to the Class as a whole.

(c) The Class Representatives will fairly and adequately protect the interests of the members of the Class. The Class Representatives have no conflict of interest with the members of

11

the Class, and are represented by a legal team experienced in Class action litigation which is working with the Minority Business Enterprise Legal Defense & Education Fund ("MBELDEF"), an organization that seeks to protect the civil rights of black persons, including the right to equal employment opportunity.

**Judicial Economy**

23. This action avoids the prosecution of separate actions by multiplicity of actions involving the same individual members of the Class which would create a likelihood of inconsistent or varying adjudications with respect to individual members of the Class.

24. The Defendants, individually and collectively, alone and in concert with other still unidentified parties, cloaking themselves under the color of law, utilized and are still utilizing all the power of their government offices, in capricious disregard to deny and to inflict damages on the Plaintiffs without justification. The Plaintiffs have been denied and deprived of an opportunity to compete effectively within the American free enterprise system and as a result the Plaintiff Class has sustained serious and ongoing damages, and if the wrongdoing of the Defendants is not enjoined and prevented, the damage will be permanent.

25. Consequently, the Class Representative Plaintiff brings this action as a private attorney general action to enforce certain federal laws, contracts, commitments, obligations and covenants to provide equal employment to correct disparate impact being caused by the neglectful use of federal

funds thereby impacting not only the Class but as well the general public good of equal employment opportunity. The Department of Justice has failed to move against the Grant recipient Defendant NYNJ Port Authority to enforce the covenants imposed upon the Grant recipient to use the Grant federal funding to accomplish equal employment opportunity.

**As and for a First Cause of Action (Breach of Contract)**

26. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

27. Defendant NYNJ Port Authority breached the Grants by failing to comply with all federal laws, regulations, executive orders, policies, guidelines, and requirements applicable to the acceptance and use of federal funding.

28. The Defendants have wrongfully and illegally implemented and enforced policies, practices and/or customs which illegally deny and deprive the Plaintiff Class from access to government employment opportunities because of their race, gender, and/or national origin, by failing to abide by the regulations and statutes set forth above.

29. Plaintiffs are intended third-party beneficiaries of the agreements that resulted in the federal funding described herein, and Defendants actions constitute a material breach of these federal funding agreements.

30. The Class and its posterity have no adequate remedy at law and will suffer serious and irreparable harm unless

Defendants are restrained and enjoined from continuing their activities based upon and rooted in unconstitutional policies of race, national origin, and/or gender discrimination.

**As and for a Second Cause of Action (Declaratory Relief)**

31. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

32. Defendant NYNJ Port Authority as grant recipient and sponsor breached the Grants by failing to comply with all federal laws, regulations, executive orders, policies, guidelines, and requirements applicable to the acceptance and use of federal funding, including but not limited to by failing to Comply with the Civil Rights Act of 1964, including Executive Order 11246, 49 CFR Part 21, 49 CFR 23, and 49 CFR Part 26, derived from the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§1981 and 1983 all of which are intended for the benefit of the Class.

33. The actions and activities by the Defendants, jointly and severally, individually and collectively, were done in disregard of discriminatory adverse impact on the Plaintiffs.

34. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to the Class in violation of their constitutional rights unless Defendants are restrained and enjoined from continuing their activities based upon and rooted in unconstitutional policies of race, national origin, and/or gender discrimination.

**As and for a Third Cause of Action (Accounting)**

35. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

36. Defendant NYNJ Port Authority as Grant recipient and sponsor breached the Grants by failing to comply with all federal laws, regulations, executive orders, policies, guidelines, and requirements applicable to the acceptance and use of Federal funds as herein before set forth, all to the damage and detriment of the Class.

37. This wrongful and improper violation of the law by the Defendants creates barriers which cannot be allowed to continue when the real and ultimate result is permanent irreparable serious damage to the Plaintiff Class as a protected class under the Constitution and federal law and as intended beneficiaries under the Grants.

38. The Class, as the intended third-party beneficiaries of the federal funding described herein, is entitled to an accounting relative to the Defendants' Compliance with the Grants described herein, and specifically are entitled to an accounting regarding Defendants' utilization of federal funds in compliance with 49 CFR 21, 49 CFR 23, and 49 CFR 26, as well as Executive Order 11246.

39. Pursuant to the regulations and statutes, Plaintiffs are entitled to a full accounting of Defendants' utilization of federal funding towards MBE's on the projects sites described herein that not only reflect the simple money spent on projects, but that must also reflect impact on the Class and the amount of

15

labor surplus that area firms employ, not only from the Class members, but the disenfranchised residents of each of the communities surrounding the PANYNY sites.

40. Plaintiffs are also entitled to an accounting as to how Defendants calculate both their compliance with these statutes and regulations, and, how they calculate and implement their required encouragement of "affirmative action" as required by law. Upon information and belief, Defendants have no such methodology, and have failed to comply with both the very letter and spirit of these laws, which were intended for the direct benefit of the Class. The simple dollar representation of money spent on a project is not a meaningful measure and allowing Defendants to simply change what constitutes a meaningful measuring criteria is the exact distortion of the laws outlined herein that were intended to prohibit Class discrimination.

41. Plaintiffs have attempted to obtain this information via public demands for information, but have been denied any information as to compliance with affirmative action efforts pursuant to the spirit and letter of the contracts and statutes referenced herein.

42. Plaintiffs request a full accounting as well as declaratory relief from this Honorable Court that they are entitled to this information, and that the Defendants be ordered to provide the same.

### The Prayer for Relief

WHEREFORE, Plaintiff EVANS on behalf of Plaintiff Class demands judgment:

DECLARING that the actions complained of herein by the Defendants individually and collectively:

Breached the Grant agreements;

Violated the civil rights of the Plaintiff Class;

Represented an abuse of the powers of such individual Defendants as employees and agents of the States of New York and New Jersey and as such were *ultra vires* actions;

Caused serious, permanent and irreparable economic and social injury and damage to the Plaintiffs;

Deliberately impeded efforts by the Plaintiff Class to foster creation of jobs providing reliable and steady income and benefits for the Plaintiff Class;

Directly and without any legal justification discriminated against the Plaintiff Class which provides employment opportunities for workers from disadvantaged communities which can lead to rewarding careers providing reliable and steady income and benefits for the workers and their families; and

DECLARING the actions of Defendants represent an abuse of the powers of such individual Defendants as employees and agents of the States of New York and New Jersey, and

ENJOINING any further payment of federal funding under Grants to Defendants until Defendants have implemented corrective policies and procedures and cured breaches of agreements, conditions, covenants and obligations as asserted in this complaint so as to prevent the further waste of federal funding by officials of the Defendant NYNJ Port Authority, and

17

from denying the Class their right to employment in connection with public works contracts through Defendants' continued failure to abide by agreements, covenants, statutes, regulations, executive orders and other federally approved provisions guaranteeing the right to such equal employment, and

THAT Defendants provide an actual accounting evidencing not just the dollars spent but providing actual evidence of the employment of the Class and the members of the disenfranchised communities with actual job,

ALL together with such other and further relief as shall seem just and proper under the circumstances.

A JURY TRIAL is respectfully demanded in conjunction with the allegations made in this Complaint.

DATED: at New York, New York on this 6th day of July, 2015.

KERNAN PROFESSIONAL GROUP, LLP

by *[signature]*
James M. Kernan, P.E., Esq.
Bar Roll No. JK1242
Office and Post Office Address
26 Broadway, 19th Floor
New York, New York 10004
Telephone: (212) 986-3196
Facsimile: (212) 656-1213
jkernan@kernanllp.com

VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF KINGS    )

Carl Evans being duly sworn, deposes and says that deponent is a representative of the Class Plaintiff in the within action, that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____
Carl Evans

Sworn to before me this
4th day of July, 2015

Aida Nazzel
NOTARY PUBLIC
Prince George's County, Maryland
My Commission Expires 07/27/2016